IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LMMC, LLC, and  LMMC HOLDINGS, LLC, | |
| Plaintiffs, | **8:19CV560** |
| vs. | |
| GABRIEL M. SULLIVAN, MONI SULLIVAN, DR. DARIN JACKSON,  LIMITLESS OPTIONS, LLC, and  INFINITE OPTIONS, LLC, | **ORDER** |
| Defendants. | |

This matter is before the Court on Plaintiff LMMC, LLC ("LMMC") and LMMC Holdings, LLC ("LMMC Holdings") (collectively, "Plaintiffs") Motion to Compel Discovery Responses from Defendants Gabriel M. Sullivan ("Mr. Sullivan") and Moni Sullivan ("Ms. Sullivan). (Filing No. 78.)  The motion will be granted as set forth below.

## BACKGROUND

On July 20, 2020, Plaintiffs served their First Set of Interrogatories and First Set of Requests for Production of Documents upon Mr. and Ms. Sullivan.  (Filing No. 80-1.)  The Sullivans did not respond to these discovery requests.  On November 5, 2020, counsel for Plaintiffs contacted the Court to schedule a telephone conference regarding the Sullivans' outstanding responses to Plaintiffs' First Set of Interrogatories and First Set for Production of Documents.

A telephone conference with the Court was held on November 17, 2020.  Following the conference, the Court ordered Mr. and Ms. Sullivan to respond to Plaintiffs' First Set of

Interrogatories and First Set of Requests for Production by December 17, 2020. (Filing No. 69). Notably, when the discovery dispute was submitted to the Court on November 5, 2020, Mr. Sullivan's responses to Plaintiffs' Second Set of Requests for Production of Documents were not late, as they were due on November 11, 2020.  However, the responses to these requests were delinquent at the time of the hearing.  Because those requests were not at issue at the time Plaintiffs contacted the Court to schedule a telephone conference, they were not addressed during the conference.

On December 17, 2020, the Sullivans served their responses to Plaintiffs' First Set of Interrogatories to Mr. Sullivan and Ms. Sullivan; First Set of Requests for Production of Documents to Mr. Sullivan; First Set of Requests for Production of Documents to Ms. Sullivan; Second Set of Requests for Production of Documents to Mr. Sullivan; and Second Set of Requests for Production of Documents to Ms. Sullivan.  (Filing No. 80-1.)  The Sullivans did not produce documents along with their responses.

Plaintiffs' counsel subsequently reviewed the discovery responses and determined they were insufficient.  On February 2, 2021, Plaintiffs' counsel had a telephone conference with Mr. Sullivan and thereafter sent a follow-up email to Mr. Sullivan.  (Filing No. 80-1.)  Mr. Sullivan responded to the email on February 4, 2021 and indicated he would produce documents on February 8, 2021.  (Filing No. 80-1.)  Because supplemental responses were not received, Plaintiffs filed the instant motion to compel on February 9, 2021.  To date, Mr. and Ms. Sullivan have not provided supplemental discovery responses or produced documents.  Moreover, the Sullivans have not responded to Plaintiffs' motion to compel.

A telephone conference regarding a discovery dispute between Plaintiffs and Defendant Dr. Darin Jackson was held on April 6, 2021.  The dispute involved the scope of discovery regarding certain patient information.  The Sullivans did not participate in the conference.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).    Relevancy is broadly construed, and

2

"[d]iscovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action." *Met-Pro Corp. v. Industrial Air Technology, Corp.*, No. 8:07CV262, 2009 WL 553017, *3 (D. Neb. Mar. 4, 2009).

Plaintiffs' motion to compel pertains to Plaintiffs' First Set of Interrogatories Nos. 2, 5, and 6; Requests for Production of Documents to Mr. Sullivan Nos. 1, 3, 5-9, 11-17, 22, 23, and 26-28; and Requests for Production of Documents to Ms. Sullivan Nos. 7 and 8.  The Court has reviewed the discovery requests at issue and finds the information sought through the requests relevant and proportional to the needs of the case.  In this action, Plaintiffs allege Lanham Act violations, breach of contract, unfair competition, tortious interference, unjust enrichment, breach of fiduciary duty, violation of the Nebraska Deceptive Trade Practices Act, and misuse of trade name.  These claims stem from a business between the parties.  (Filing No. 1.)  Each of the discovery requests at issue speak to the claims set out in the Complaint.

The Court has also reviewed the Sullivans' discovery responses and finds them deficient. The answers to the discovery requests are unresponsive and often unclear.  Although they denied having certain information and documents, it seems to the Court, based on the information and documents requested, the Sullivans should have at least some of the things requested in their possession.  Therefore, the Court will order the Sullivans to supplement their responses to Plaintiffs' First Set of Interrogatories Nos. 2, 5, and 6; Requests for Production of Documents to Mr. Sullivan Nos. 1, 3, 5-9, 11-17, 22, 23, and 26-28; and Requests for Production of Documents to Ms. Sullivan Nos. 7 and 8.  However, as to those discovery requests seeking patient information from patient files at Infinite, Mr. and Ms. Sullivan are only required to provide a list of all individuals who are/were patients of Infinite. No other healthcare information regarding patients is required at this time.[1]  If, when supplementing their responses, the Sullivans contend they do not have documents responsive to the requests, they shall explain and identify the efforts they undertook to find responsive documents and information.

---

[1] If a disagreement arises regarding discovery pertaining to patient information following Plaintiffs' receipt of the patient list from Mr. and Ms. Sullivan, the parties shall confer to resolve the matter.  If the issue cannot be resolved, the parties shall contact the Court to schedule a telephone conference.

Plaintiffs also seek an award of attorneys' fees and costs incurred in connection with this motion and the Sullivans' failure to respond to the discovery requests.  Based on the Sullivans' *pro se* status and the limitations on discovery as set out in this order, attorneys' fees and costs will not be imposed at this time.  However, this issue of fees may be reconsidered in the event of further noncompliance by the Sullivans.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Compel Discovery Responses (Filing No. 78) is granted as set forth herein.  The Sullivans shall provide their supplemental discovery responses and produce the requested documents by May 7, 2021.

Dated this 6th day of April, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge