IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LMMC, LLC, and LMMC HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>GABRIEL M. SULLIVAN, MONI SULLIVAN, DR. DARIN JACKSON, LIMITLESS OPTIONS, LLC and INFINITE OPTIONS, LLC,<br><br>Defendants. | **8:19CV560**<br><br>**ORDER** |

This matter is before the Court on Defendants Limitless Options, LLC and Infinite Options, LLC's Motion to Set Aside Clerk's Entry of Default (Filing No. 130) and Defendants' Motion for Leave to File Amended Answer (Filing No. 132). For the reasons explained below, the motions will be granted.

**BACKGROUND**

This suit was filed on December 23, 2019 against Gabriel Sullivan, Moni Sullivan, Dr. Darin Jackson, Limitless Options, LLC ("Limitless"), and Infinite Options, LLC ("Infinite"). (Filing No. 1.) On January 28, 2020, Attorney Michael Mullen entered an appearance on behalf of the Sullivans, Limitless, and Infinite and filed a motion requesting an extension of time to file a responsive pleading. (Filing No. 21.) The motion was granted and the Sullivans, Limitless, and Infinite were given until February 21, 2020 to file a responsive pleading. (Filing No. 22.)

On February 19, 2020, Mr. Mullen moved to withdraw as counsel for the Sullivans, Limitless, and Infinite. (Filing No. 26.) Because Limitless and Infinite are corporate parties and

unable to represent themselves, the Court denied the motion to withdraw without prejudice and gave Limitless and Infinite until March 23, 2020 to obtain new counsel. (Filing No. 27.) The order stated that Mr. Mullen could renew his motion to withdraw on March 23, 2020. (*Id*.)

Mr. Mullen renewed his motion to withdraw on March 23, 2020. (Filing No. 29.) Because substitute counsel had not entered an appearance on behalf of Limitless and Infinite, Mr. Mullen's motion was set for hearing, which was subsequently held on June 17, 2020. Following the hearing, the Court issued a written order granting Mr. Mullen's motion to withdraw. (Filing No. 43.) In the order, the Court advised Limitless and Infinite that because corporate parties cannot represent themselves, failure to obtain substitute counsel could result in the entry of default against them. (*Id*.)

On July 1, 2020, the Sullivans, proceeding *pro se*, filed answers to the Complaint. (Filing Nos. 46, 47.) On July 7, 2020, the Court entered a progression order setting September 11, 2020 as the deadline to amend pleadings or add parties. (Filing No. 51.) On September 11, 2020, Plaintiffs moved to extend the deadline to amend pleadings to November 10, 2020, which was granted by the Court. (Filing Nos. 62, 65.) On July 16, 2021, upon motion by Plaintiffs, a Clerk's Entry of Default was entered against Limitless and Infinite. (Filing No. 125.) On July 30, 2021, Attorneys Jordan Adam and Robert Futhey entered their appearance on behalf of the Sullivans, Limitless, and Infinite. (Filing No. 128.) On August 10, 2021, Limitless and Infinite filed their motion seeking to set aside the entry of default. (Filing No. 130.) That day, the Sullivans, Limitless, and Infinite also filed their motion requesting leave to file an amended answer, counterclaim, third-party complaint, and jury demand. (Filing No. 132.) These motions are opposed.

## DISCUSSION

**1.    Motion to Set Aside Default**

Federal Rule of Civil Procedure 55(a) states "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, the court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). "When examining whether good cause exists, the district court should weigh whether the conduct of the defaulting

party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (internal quotation omitted). The court must recognize, however, that there is a "judicial preference for adjudication on the merits." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998).

Having considered the matter, the Court finds there is good cause to set aside the default. The conduct of Limitless and Infinite was not blameworthy or culpable. They had counsel enter an appearance on their behalf when this litigation commenced. However, counsel was granted leave to withdraw. Because they are corporate entities, Limitless and Infinite could not represent themselves in this Court. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). When counsel withdrew, Limitless and Infinite were unable to respond to Plaintiffs' Complaint until they obtained new counsel. However, acting *pro se*, the Sullivans, who are affiliated with Limitless and Infinite, did submit answers. Moreover, Limitless and Infinite diligently sought to set aside the entry of default. Default was entered against them on July 16, 2021. Their motion to set aside the default was filed less than a month later, on August 10, 2021.

Additionally, Limitless and Infinite have sufficiently demonstrated they have a meritorious defense. In their proposed answer, Limitless and Infinite deny wrongdoing and allege several affirmative defenses, including, but not limited to, uniqueness and distinctness of the marks. (Filing No. 132.) Considering this Court's preference for deciding a case on the merits, the Court finds these allegations sufficient to state a meritorious defense for purposes of this motion.

Finally, Plaintiffs will not be prejudiced by setting aside the default. While there may be some delay, any delay will not be significant enough to warrant a finding of prejudice. It appears discovery is ongoing and dispositive motions have not been filed. Further, the Court notes that the Court advised the parties on June 17, 2020 that default could be entered against Infinite and Limitless based on being unrepresented. Nevertheless, Plaintiffs did not move for entry of default until over a year later. Therefore, the Motion to Set Aside Clerk's Entry of Default will be granted and Limitless and Infinite will be granted leave to respond to the Complaint.

    **2.    Motion to Amend**

Defendants request leave to file an amended answer, counterclaim, third-party complaint, and jury demand. Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted).

Where a party "seeks leave to amend after a scheduling order deadline, that party must first demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure before the court can consider whether the proposed amendments are proper under Rule 15(a)." *BDC Farms, Inc. v. Certified Angus Beef, LLC*, No. 8:08CV25, 2007 WL2344814, at *3 (D. Neb. Aug. 14, 2007) (quotation omitted). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). "[I]f the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.RD. 165, 166 (W.D. Mo. 1989).

The Court finds Defendants have demonstrated good cause to file an amended answer outside the Court's scheduling order. After counsel withdrew, Gabriel Sullivan and Moni Sullivan each submitted answers generally denying the allegations against them. Because Limitless and Infinite were unrepresented corporate parties, they were unable to submit answers until they obtained counsel.[1] In this case, the parties' *pro se* status and lack of expertise with legal matters constitutes good cause for amendment out of time. *See Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999) (stating that the "relaxed standard" for granting leave to amend "applies with particular force to *pro se* litigants").

Moreover, Plaintiffs will not be prejudiced by amendment. Discovery is ongoing and dispositive motions have not been filed. Regarding the proposed third-party complaint, the identity

---

[1] Limitless, Infinite, and the Sullivans are represented by the same counsel. Although the amended answer will be the first answer submitted by Limitless and Infinite, their counsel plans to respond to the Complaint on behalf of Limitless, Infinite, and the Sullivans in one pleading—the amended answer.

of proposed third-party defendant, Dan Molloy, Jr., has been known to Plaintiffs. Mr. Molloy is purportedly an owner, officer, manager, and/or director of Plaintiff LMMC and is mentioned by name in Plaintiffs' initial complaint. Also, the proposed additional counterclaims arise out of the same facts already at issue in this litigation. Therefore, for good cause shown, Defendants' Motion for Leave to File Amended Answer will be granted.

Accordingly,

**IT IS ORDERED:**

1. Defendants Limitless Options, LLC and Infinite Options, LLC's Motion to Set Aside Clerk's Entry of Default (Filing No. 130) is granted.

2. Defendants' Motion for Leave to File Amended Answer (Filing No. 132) is granted. Defendants shall file their Amended Answer by **November 18, 2021**.

3. Within seven days of the filing of an answer by the third-party defendant and answer to the counterclaim, the parties shall confer and submit proposed case progression deadlines to bazis@ned.uscourts.gov. Upon review of the proposed deadlines, a telephone status conference will be scheduled before the undersigned.

Dated this 15th day of November, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge