IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LMMC, LLC, and LMMC HOLDINGS, LLC,<br><br>  Plaintiffs,<br><br>vs.<br><br>GABRIEL M. SULLIVAN, MONI SULLIVAN, DR. DARIN JACKSON, LIMITLESS OPTIONS, LLC, and INFINITE OPTIONS, LLC,<br><br>  Defendants. | **8:19CV560**<br><br>**ORDER** |

This matter is before the Court on Defendant, Counter-Claimant, and Third-Party Plaintiff's, Gabriel M. Sullivan's, motion to filed a second amended answer, counterclaim, and third-party complaint, or in the alternative, to amend the Court's order of dismissal. Filing No. 154. For the reasons set forth herein, the Court denies Sullivan's motion.

I.   BACKGROUND

Plaintiffs filed their complaint against Sullivan and the other defendants on December 23, 2019. Filing No. 1. After multiple extensions, Sullivan filed an answer pro se on July 1, 2020. Filing No. 46. The Court then entered a case progression order setting the deadline to move or amend the pleadings for September 11, 2020, and later extended that deadline to November 10, 2020. Filing No. 51 at 1; Filing No. 62; Filing No. 65. After discovery had commenced and several disputes arose, Sullivan retained counsel and filed a motion to file an amended answer out of time on August 10, 2021. Filing No. 132. The Court noted that deadline to file amended pleadings had passed and thus analyzed the motion under the standard of Federal Rule of Civil Procedure 16(b) which requires good cause to amend a scheduling order. Filing No. 142 at 4. The Court

1

found good cause existed based on the fact Sullivan was pro se when filing his initial answer. Filing No. 142. The Court thus amended its scheduling order to allow Sullivan to file an amended answer by November 18, 2021. Filing No. 142 at 5. Sullivan filed his amended answer, counterclaim, and third-party complaint on that day. Filing No. 143. In its order allowing the amendment of the scheduling order, the Court also ordered the parties to confer and submit proposed case progression deadlines after the third-party defendant and counterclaim defendant had filed an answer to Sullivan's counterclaim and third-party complaint. Filing No. 142. Because the third-party defendant and counterclaim defendant filed a motion to dismiss rather than an answer, such conferral did not occur prior to the present motion.

Counterclaim Defendant LMMC, LLC and Third-Party Defendant Daniel P. Molloy Jr. filed a motion to dismiss, Filing No. 147, which the Court granted in part in an order dated August 10, 2022. Filing No. 152. Thereafter, on September 7, 2022, Sullivan filed the present motion seeking leave to file a second amended answer or, in the alternative, asking the Court to amend its dismissal order to grant him leave to file a second amended answer.

II. ANALYSIS

A. Motion for Leave to File Second Amended Answer

Sullivan first asks the Court for leave to file a second untimely amended answer. He contends that under Federal Rule of Civil Procedure 15, leave to amend must be freely given. Filing No. 164 at 3. The Court disagrees that Rule 15's more liberal standard applies in this situation and instead analyzes his request under Rule 16's good-cause standard.

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

Federal Rule of Civil Procedure 16(b), in turn, guides the district court on how to issue and modify pretrial scheduling orders and provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The interplay between Rule 15(a) and 16(b) is settled in this circuit." *Sherman*, 532 at 716). When a motion for leave to amend is filed outside the district court's scheduling order, the moving "party must show cause to modify the schedule." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020) (quoting *Albright v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019)). "Good cause may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading." *Id.* (citing *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)).

Sullivan's motion is filed outside the time allowed for amended pleadings by the district court's scheduling order. That deadline was initially set for September 11, 2020, and later extended to November 10, 2020. Filing No. 51 at 1; Filing No. 65. The Court thereafter found good cause to allow Sullivan to file an untimely first amended answer based on having been unrepresented at the time of filing his initial answer. Filing No. 142. Sullivan contends that "no progression order is currently in effect" and therefore he need not demonstrate good cause to amend the progression order in order to file an amended answer. Filing No. 164. The Court disagrees with this interpretation. While the Court did anticipate setting new case progression deadlines following Molloy and LMMC's answer to Sullivan's counterclaim and third-party complaint, a new progression order was not entered due to the intervening motion to dismiss.[1] Given the lack of an order indicating a new or extended deadline, the prior deadline regarding the timeline to amend remained in effect. Were we to find otherwise, every time a deadline passed, a litigant would not be required to seek leave for an untimely filing but could simply file an amended pleading because "no progression order is currently in effect." This is not what is contemplated by Rule 16. Rather, Sullivan is required to show good cause why a second amendment of the progression order should be permitted to allow him to file a second untimely amended answer.

Sullivan has failed to show good cause. In fact, he advances little argument why the Court should find good cause and relies instead on his insistence that Rule 15 governs and general arguments about fairness. *See generally* Filing No. 155; Filing No. 164. The

---

[1] The Court has since entered a new progression order for discovery but has left open the question of a deadline for amended pleadings based on resolution of the current motion. Filing No. 169.

Court finds no good cause exists to amend its scheduling order a second time to allow Sullivan to file another amended complaint.

### B. Motion to Amend Court's Order

In the alternative, Sullivan argues the Court should amend its order granting in part LMMC and Molloy's motion to dismiss in order to allow Sullivan leave to amend.

Federal Rule of Civil Procedure 60(b)(6) allows a Court to relieve a party from an order for "any . . . reason that justifies relief." Sullivan advances similar arguments regarding fairness as he does for his motion for leave and essentially asks the Court to treat Rule 60 as an end-run around Rule 16's good cause requirement. The Court sees no reason to do so. Accordingly,

IT IS ORDERED:

1. Sullivan's motion for leave to file a second amended complaint or, in the alternative, amend the Court's order, Filing No. 154, is denied.

Dated this 8th day of November, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

5